IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VISTAS DE CANÓVANAS I, INC., **Plaintiff**, v. BAUTISTA CAYMAN ASSET COMPANY, **Defendant**. | Civil No. 16-2568 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

The Court issued a writ of execution on July 18, 2024. (Docket No. 54.) Plaintiff Vistas de Canóvanas I, Inc. and Ramón MacCrohon (collectively, "Vistas") move to set aside this writ of execution pursuant to Puerto Rico Rule of Civil Procedure 51.1. (Docket No. 55.) The Court referred this motion to Magistrate Judge Marcos E. López for a report and recommendation ("R&R"). (Docket Nos. 62 and 64.) Magistrate Judge López issued a R&R on December 20, 2024, recommending that the Court deny Vistas' motion to set aside the writ of execution. (Docket No. 79.) For the reasons set forth below, the Court **ADOPTS** the R&R. Accordingly, Vistas' motion to set aside the writ of execution is **DENIED**.

**I. Background**

On December 20, 2006, Vistas acquired a $16,675,000.00 loan from Doral Bank (hereinafter, "loan"). (Docket No. 10 at p. 1.)

This loan is secured by a mortgage note for property located in Canóvanas, Puerto Rico (hereinafter, "real estate collateral"). (Docket No. 51 at pp. 2-3.)  Vistas filed a complaint against Doral Bank in the Puerto Rico Court of First Instance, San Juan Superior Division, in 2009, alleging that Doral Bank failed to disburse funds in violation of the loan agreement.  (Docket No. 1 at p. 1; Docket No. 3 at p. 2.)  Doral Bank then asserted a counterclaim against Vistas and a third party complaint against Ramón MacCrohon, the loan's guarantor.  (Docket No. 1 at p. 1.)

The Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral Bank on February 27, 2015.  (Docket No. 3 at p. 5.)  Bautista Cayman Asset Company ("Bautista") subsequently purchased the loan on March 27, 2015, obtaining a priority lien over the real estate collateral.  (Docket No. 3 at p. 6; Docket No. 7 at p. 10.)  The Federal Deposit Insurance Corporation filed a notice of removal on September 1, 2016.  (Docket No. 1 at p. 2.)

Vistas and Bautista entered into a Discounted Payoff, Settlement and Release Agreement on August 24, 2018 (hereinafter, "settlement agreement").  (Docket No. 48.)  The parties also entered into a judgment by consent, applicable in "full force" should either Bautista or Vistas breach the settlement agreement.

Civil No. 16-2568 (FAB)                                                3

(Docket No. 47, Ex. 1.)  Consequently, the Court entered judgment on August 27, 2018.  (Docket No. 50.)

Vistas defaulted on the settlement agreement.  (Docket No. 51, Ex. 3.)  Bautista moved for execution of the judgment on July 2, 2024, requesting that the Court order the foreclosure of the real estate collateral.  (Docket No. 51.)  Vistas did not oppose.  The Court issued a writ of execution and appointed a special master to supervise the foreclosure.  (Docket Nos. 53 and 54.)

Vistas moved to set aside the writ of execution on July 24, 2024, asserting that Bautista violated Puerto Rico Rule of Civil Procedure 51.1.  (Docket No. 55.)  Essentially, Vistas requests that this Court vacate the writ of execution based on a manifest error of law.  Accordingly, the Court construes Vistas' request as a motion for reconsideration.

Bautista responded, and Vistas replied.  (Docket Nos. 60 and 65.)  The Court then granted Bautista and Vistas leave to file a sur-reply and response to the sur-reply.  (Docket Nos. 74 and 78.) After extensive briefing by the parties, Magistrate Judge López issued a comprehensive R&R on December 2, 2024.  (Docket No. 79.) Vistas filed an objection, Bautista responded, and Vistas replied. (Docket Nos. 81, 83 and 86.)

Civil No. 16-2568 (FAB)                                                4

## II.  Report and Recommendation Legal Standard

A district court may refer a pending motion to a magistrate judge for an R&R.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b).  Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report.  Loc. Rule 72(d).  See 28 U.S.C. § 636(b)(1).  The movant is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Ramos-Echevarría v. Pichis, Inc., 698 F. Supp. 2d 262, 264 (D.P.R. 2010) (Domínguez, J.); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (Vélez-Rive, Mag. J.) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987).  In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636 (a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.).  Furthermore, the Court may

Civil No. 16-2568 (FAB)                                                5

accept those parts of the report and recommendation to which the parties do not object.  See Hernández-Mejías v. General Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

**III. Motion for Reconsideration Legal Standard**

The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright *et al.*, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  Motions for reconsideration fall within the purview of Federal Rule of Civil Procedure 59 ("Rule 59"), depending on the time in which such a motion is served. Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005) (Domínguez, J.) (citing Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993)). Rule 59(e) motions are aimed at reconsideration and cannot be used to relitigate matters already decided by the Court. Villanueva-Méndez, 360 F. Supp. 2d at 322; See also Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994). Thus, "parties should not use [Rule 59 motions] to raise arguments which could, and should, have been made before judgment issued." Federal Deposit Ins. Corp. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (internal citations and quotations omitted).

Courts generally recognize three valid grounds for Rule 59(e) relief: "an intervening change in the controlling law, a clear legal error, or newly discovered evidence." Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). A party requesting reconsideration based on new evidence must "show "that [it] could not in the exercise of reasonable diligence have obtained [the] new evidence earlier." City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) (internal citations omitted).

**IV. Discussion**

As a preliminary matter, the Court need not even address the arguments set forth in Vistas' motion for reconsideration. Vistas moved to set aside the writ of execution six days after the Court ordered foreclosure of the real estate collateral. (Docket No. 55.) It remained silent, however, after Bautista first moved for execution of judgment on July 2, 2024.

Local Rule 7(b) ("Rule 7(b)") requires a party opposing a motion to submit "a written objection to the motion, incorporating a memorandum of law" within fourteen days after service of the initial motion. Loc. Rule 7(b). Failure to do so is deemed a waiver of any objection, and "it is within the district court's discretion to dismiss an action based on a party's unexcused

failure to respond to a dispositive motion when such response is required by local rule." ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir. 2006) (finding that the failure to file a response within the time provided for by the District of Maine's Local Rule 7(b) constituted a waiver of any objections).

Pursuant to Rule 7(b), Vistas Bautista's motion for execution of judgment was due to be filed no later than July 16, 2024. It was not. According to the R&R, "[if] there was a reason to prevent [execution of judgment], Movants should have defended against the action in a response motion in opposition." (Docket No. 79 at p. 5.) The Court concurs with this assessment. Consequently, Vistas waived any objection to Bautista's motion for execution of judgment. For that reason alone, the motion for reconsideration to set aside the judgment should be denied.

A timely motion in opposition would nevertheless prove futile. Vistas does not dispute that it defaulted on the settlement agreement. Rather, it contends that this Court committed a procedural error.

Federal Rule of Civil Procedure 69 governs the execution of a money judgment. Fed. R. Civ. P. 69. This rule provides in pertinent part that the "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution

Civil No. 16-2568 (FAB)                                                  8

– must accord with the procedure of that state where the court is located."  Id.  "Puerto Rico is deemed the functional equivalent of a state for purposes of Rule 69(a)."  Whitefield v. Municipality of Fajardo, 564 F.3d 40, 43 n.2 (1st Cir. 2009).  Accordingly, Puerto Rico law "establishes the substantive rules that guide [the Court's] examination of [Bautista's] efforts to execute on the judgment."  Caribbean Mgmt. v. Erikon LLC, 966 F.3d 35, 42 (1st Cir. 2020).  Puerto Rico Civil Procedure Rule 51.1 provides that:

> The party in whose favor judgment is entered may enforce it by way of the procedure established in this Rule 51 at any time within five years (5) after judgment becomes final.  Upon expiration of the term, the judgment may be executed upon application of a party to the court and notice to all parties.

P.R. Laws Ann. tit. 32, app. V, R. 51.1.  This rule does not specify which circumstances "warrant a grant of leave to execute a judgment beyond the five-year period."  Caribbean Mgmt., 966 F.3d at 42.  The First Circuit Court of Appeals has held, however, that "at a minimum" the movant must demonstrate "either diligence in attempting to enforce the judgment or good cause for failing to do so."  Id.  Moreover, the Puerto Rico Supreme Court has held that Rule 51.1 dispositions fall "wholly within the discretion of the court."  (Docket No. 79 at p. 3) (citing Territorial Bank and Agricultural of Puerto Rico v. Marcial, 44 D.P.R. 129 (1932)).

The Court entered judgment on August 27, 2018. (Docket No. 50.) Bautista alleges that Vistas breached the settlement agreement on August 15, 2021, the due date for submission of the final discounted payment. (Docket No. 60 at p. 3.) The settlement agreement sets forth, however, a three-year expiration period. A default at the end of this period entitles Bautista to request judgment by consent, a document that "the parties had already negotiated and signed." Id. at p. 4. On October 5, 2021, Bautista sent Vistas a letter reiterating that it reserved the right to "[request] the entry of judgment . . . for the foreclosure of the Real Estate Collateral" in the event of default. (Docket No. 51, Ex. 3.)

Bautista concedes that it moved for a writ of execution "more than five years after the judgment became final." (Docket No. 79 at p. 4.) Bautista requested this relief, however, less than three years after Vista breached the settlement agreement. Bautista would have no reason to request a writ of execution before the date of default, a precondition for seeking judgment by consent (i.e. foreclosure of the real estate collateral). See Settlement Agreement, Docket No. 48, Ex. 1 at p. 4 ("The Creditor will not request the foreclosure of the Real Estate Collateral detailed in the Judgment by Consent unless the Event of Default occurs.").

This Court exercised its sound discretion in issuing the writ of execution.  As Magistrate Judge López held, "[nothing] precluded the Court in exercising its discretion [the] way it did, particularly since Movants had not even claimed that they complied with the terms and conditions of the Settlement Agreement." (Docket No. 79 at p. 5.)  Vistas requests that the Court overlook its failure to comply with Local Rule 7(b), but demands strict adherence to Rule 51.1 regarding the writ of execution.

It also argues that Magistrate Judge López "disregarded the legal standard regarding the court's authority to enforce a judgment, when [he] states or inferred in [his] report that the motion filed by Bautista was adequate and sufficient to grant the requested writ."  (Docket No. 81 at p. 2.)  Vistas misconstrues the legal standard, however, by supplanting the Court's discretion with its personal assessment of Bautista's motion for execution of judgment.  It alleges that Bautista's motion "fails to address what efforts if any were made to enforce the judgment."  Id. Vistas cites no authority for the proposition that a writ of execution cannot issue after five years of judgment without a detailed explanation of the prevailing party's efforts to attain relief.  In sum, Vistas disagrees with the Court.  Mere disagreement with the Court's decision is not, however, "a basis

for reconsideration." <u>Jahagirfar v. United States</u>, 653 F. Supp. 2d 125, 128 (D. Mass. 2009) (citation omitted).

Vistas contends that Bautista failed to request "leave to file a motion for the execution" of judgment in violation of Rule 51.1. (Docket No. 81 at p. 3.) Indeed, Bautista's motion for execution of judgment does not explicitly request "leave of court." (Docket No. 51.) It does, however, set forth the basis for execution of judgment and cites Federal Rule of Civil Procedure 69. <u>Id.</u> at p. 10. The Court construes the motion for execution of judgment as a request for leave to seek foreclosure of the real estate collateral.

Vistas cites <u>Caribbean Management Group v. Erikon LLC</u>, 966 F.3d 35, for the proposition that this Court abused its discretion in issuing the writ of execution. (Docket No. 81 at p. 2.) <u>Caribbean Management</u> is, however, distinguishable. In that decision, the district court "determined that [the movant's] effort to execute on the judgement was untimely under [Rule 51.1] because more than five years had passed since the judgment became final." 966 F.3d at 39. It "invited" the movant, however, to request "leave to execute on the judgment out of time." <u>Id.</u> The movant declined the Court's invitation to its detriment. In fact, "[for] a long time, [the movant] did nothing." <u>Id.</u> Ultimately,

Civil No. 16-2568 (FAB)                                              12

the movant requested a writ of execution two years after the district court's invitation to do so. Id. The district court denied the motion because the movant "slept upon its rights until the prescribed period of execution of judgment had elapsed." Id. at 38.

In contrast to Caribbean Management, this Court has not urged or suggested that Bautista request leave to execute judgment. Bautista moved for a writ of execution on its own initiative. While the movant in Caribbean Management "did nothing," Bautista delayed execution of judgment in part because the settlement agreement contained a three-year expiration period for Vistas to remit payment. Indeed, Caribbean Management only undermines Vistas' motion for reconsideration because the First Circuit Court of Appeals emphasized that Rule 51.1 determinations fall within the district court's discretion. Id. at 44. This Court exercised that discretion in issuing the writ of execution. Because Vistas sets forth no manifest error of law, the Court **ADOPTS** the R&R. (Docket No. 79.) Accordingly, Vistas' motion for reconsideration is **DENIED**. (Docket No. 55.)

V. Conclusion

For the reasons set forth above, the Court **ADOPTS** the December 2, 2024 Report and Recommendation. (Docket No. 79.)

Civil No. 16-2568 (FAB)                                                    13

Accordingly, Vistas' motion to set aside the writ of execution, a pleading that is tantamount to a motion for reconsideration, is **DENIED**.  (Docket No. 55.)

Pursuant to the August 27, 2018 Judgment, the terms and conditions of the Discounted Payoff, Settlement and Release Agreement shall "become public in case of a default."  (Docket No. 50.)  Because default occurred in this case, the Court need not restrict the public's access to this Opinion and Order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 24, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE